J. H. BOWMAN, Respondent, *v.* GEORGE AINSLIE AND JOHN WEST, Appellants.

PLEADING—AGREEMENT—PRESUMPTIONS.—Unless an agreement appears from the complaint to have been verbal, the court will presume that it was in writing, where the nature of the agreement is such that it could not be valid unless in writing.

AGREEMENT.—An agreement by A., who has assets in his hands belonging to B., to apply the same for the benefit of C., who is a creditor of B., is not valid, and can not be enforced by C. against A., unless B. has authorized or consented to such application of such assets.

APPEAL from the second judicial district, Boise county.

*Alanson Smith,* for the appellant.

*Jonas W. Brown,* for the respondent.

PRICKETT, J., delivered the opinion. HOLLISTER, C. J., and CLARK, J., concurred.

Action upon a promissory note made by the appellant to the respondent. The answer expressly admits the execution of the note, but avers that at the time of its execution and delivery it was agreed between the maker, Ainslie, and Bowman, the payee, "that the Idaho *World* printing company, a corporation, was indebted to the appellant, Ainslie, in a sum exceeding that mentioned in the promissory note; that the said Bowman, who had previously disposed of stock

and shares in said corporation, had reserved the outstanding accounts and bills due said corporation at the time of such sale, amounting to a large sum; that out of collections to be made upon such accounts, said Bowman was to retain the amount of said note and interest and pay off the same." It is further alleged that Bowman did subsequently collect on said accounts more than sufficient to discharge said note.

To this answer the plaintiff and respondent interposed a general demurrer on the ground that it did not contain facts sufficient to constitute a defense. The court sustained the demurrer and rendered judgment on the complaint. The appellant excepted to the ruling of the court below, and appeals from the judgment so rendered.

The question to be determined here is whether the district court erred in sustaining the demurrer to the answer. The appellants claim that the facts stated in the answer are equivalent to a plea of payment; that they do in fact allege payment and satisfaction of the note sued upon; while the respondent claims, in support of the decision of the district court upon the demurrer:

1. That the agreement alleged in the answer was a promise by Bowman to answer for the debt of the Idaho *World* Printing Company to Ainslie, which, not being alleged to have been made in writing, appears, from the face of the answer, to be void under the statute of frauds; and

2. That the agreement alleged is not valid between Bowman and the maker of the note, and not binding upon Bowman, because the Idaho *World* Printing Company, whose funds were to be disposed of under the agreement, did not authorize, sanction, or consent to such disposition.

The first position assumed by the respondent is not tenable, for even if the answer could be regarded as alleging a promise on the part of Bowman to pay the debt of the Idaho *World* Printing Company to Ainslie, it is not alleged, nor does it appear upon the face of the answer, that such contract or agreement was verbal; and it is the well-settled law, that the statute of frauds does not change the rules of pleading. Unless the agreement appears, from the com-

plaint or pleading, to have been verbal, the court will presume that it was in writing, when the nature of the agreement is such that it could not be valid unless in writing; but when the party alleging the agreement comes to the proof of his allegations, he must show such an agreement as is valid under the statute of frauds.

But the answer, as we construe it, sets up an agreement made contemporaneously with the giving of the note sued on, whereby Bowman undertook to collect money upon the bills and accounts of the Idaho *World* Printing Company, then in his hands, and apply the same, when collected, in satisfaction of the note, at the same time agreeing between themselves that Ainslie was a creditor of said printing company. And the real question to be determined is, whether such an agreement is valid. Is it such an agreement as could have been introduced in evidence, provided the plea of payment had been directly interposed instead of attempting to set up probative facts, from which the ultimate fact of payment is to be inferred?

It was not lawful for Bowman to agree that there was money due from the printing company to Ainslie, unless he had authority, and none is alleged; and it was not proper for him to pay the money of the company to Ainslie, even though he was a creditor of the company, unless the consent or authority of the company had first been obtained, and no such consent or authority is alleged. If Bowman collected money for that company, as alleged in the answer, unless he had its authority to make some other disposition of it, he became liable to pay it to the company, and no agreement made by him, without the authority of the company, to pay it to any other person, even a creditor of the company, could relieve him from that liability.

It follows that the agreement between Bowman and Ainslie, stated in the answer, is invalid, and can not be enforced. The district court properly sustained the demurrer to the answer; and the judgment must be affirmed.

The judgment of the district court is affirmed, with costs to the respondent.