JOHNSON and others *v.* FLORIDA TRANSIT & PENINSULA R. Co.
and others.

*(Circuit Court, N. D. Florida.* December 24, 1883.)

STATUTE OF LIMITATIONS—LACHES.
    Application to file a supplemental bill of complaint denied, both because of
the bar of the statute of limitations and of the laches of the complainants.

In Equity.

*J. C. Cooper, Chas. Cooper, John T. Walker, Wilkerson Call,* and
*E. M. L. Engle,* for complainants.

*Horatio Bisbee, Jr., Geo. Tichnor Curtis,* and *John A. Henderson,*
for respondents.

SETTLE, J.   Waiving the objection to the new bill, that most of
the matters therein stated are not supplemental to the relief prayed
for in the original bill, the court is of opinion that the applica-
tion should not be granted, both because of the bar of the statute of
limitations and of the laches of the complainants.

Although it is contended that the bonds are not yet due, and that
the complainants were not compelled to assert their rights at an
earlier day, yet the acts complained of, and upon which relief is
now sought, occurred 17 years since; and the original bill, upon
which it is now sought to graft the supplemental bill, was filed 10
years since.   Reasonable diligence would have brought to the knowl-
edge of the complainants the material fact now sought to be intro-
duced for the first time into the original litigation.   As is well said
in a recent decision of the supreme court of the United States:

"The law of laches, like the principle of the limitation of actions, was
dictated by experience, and is founded in a salutary policy.   The lapse of
time carries with it the memory and life of witnesses, the muniments of
evidence, and other means of proof.   The rule which gives it the effect pre-
scribed is necessary to the peace, repose, and welfare of society."

The application to file a "bill of supplement, revivor, and amend-
ment," is denied.

_____

In the suit of *Henry S. Higgins and Charles S. Adams* v. *J. S.
Driggs, Adm'r, and E. Higgins,* demurrer was sustained.