[No. 9136. Department One.—July 30, 1885.]

## I. H. WALTON, RESPONDENT, v. JAMES KARNES, APPELLANT.

67    255
148    456

AGREEMENT — REAL ESTATE — STATUTE OF FRAUDS. — An oral agreement under which the defendant advanced money for the plaintiff to pay certain instalments upon a contract for the purchase of land, the defendant being named in the contract as the purchaser, but really acting for the plaintiff in pursuance of the agreement, *held*, to be valid, and not within the Statute of Frauds.

APPEAL from a judgment of the Superior Court of the county of Fresno, and from an order refusing a new trial.

The action was brought to compel an assignment of the contract of sale mentioned in the opinion. Judgment was rendered for the plaintiff in the court below. The remaining facts are stated in the opinion of the court.

*Campbell & Hinds,* for Appellant.

*Sayle & Harris,* for Respondent.

McKEE, J. — This case as presented by the record is this: By a verbal arrangement between plaintiff and defendant in the action, entered into pending a contest between the plaintiff and other persons, before the land agent of the Southern Pacific

Railroad Company, for the right to purchase from the company the southwest quarter of section 3, township 14 south, range 22 east, M. D. base and meridian, the defendant agreed, "if the contract of sale should be awarded plaintiff to advance for him the money necessary to make the first payment upon the land, and the plaintiff agreed to repay the defendant the moneys advanced by him for that purpose with interest at one and a half per cent per month from the date of the advances until paid, and to secure their payment by causing the contract of sale to be issued in the name of the defendant to be held by him until repayment when the contract was to be assigned to the plaintiff."

The right to purchase was awarded to the plaintiff, and on the 15th of December, 1881, defendant advanced for him the sum of $492, as the first payment of the purchase money of the land. At plaintiff's request the contract of sale was made in the name of the defendant and delivered to him. Twelve months after the transaction of purchase another payment for interest in advance becoming due on the contract, defendant, at plaintiff's request, advanced it for the plaintiff upon the same terms as to interest and security. These advances and the interest thereon aggregated the sum of $895. This sum the plaintiff on the 22d of January, 1883, tendered to the defendant, with a request for the assignment of the contract. The defendant refused to accept the money or to assign the contract, and he contends that he had the right to do so, because, as the verbal agreement between him and the plaintiff related to real property, it was void.

But it is not void; because as the contract of sale was taken by the defendant as security for repayment of the advances made by him for the plaintiff in purchasing the land, a resulting trust in the land was created to the extent of the advances. Section 853 of the Civil Code declares: "When a transfer of real property is made to one person, and the consideration thereof is paid by, *or for another*, a trust is presumed to result in favor of the person by, *or for whom* such payment was made."

Where a resulting trust exists the Statute of Frauds has no application. (*Millard* v. *Hathaway*, 27 Cal. 139.)

Judgment and ordered affirmed.

Ross, J., concurred.

McKINSTRY, J., concurring.— As I understand the transaction, the plaintiff paid the whole of the purchase money which was in fact paid. The money was loaned by the defendant to the plaintiff, and the former paid it to the railroad company as *agent* of the latter. The case is not affected by the circumstance that other payments may remain to be made on the contract. Certainly the defendant is in no better position than if he had actually made all the other payments himself. Although a verbal agreement by A to purchase land for B may not be given in evidence to establish a resulting trust where the entire purchase money had been paid by A and the conveyance taken in his name, yet if any part of the purchase money is shown to have been paid by B, a verbal agreement may then be proved which shall have the effect to deprive A of all beneficial interest in the purchase, and to clothe the entire estate in his hands with a trust in favor of B. (*Hidden* v. *Jordan*, 21 Cal. 92.)