## In re Stanger.[1]

### (District Court, W. D. Virginia.   September Term, 1887

TRUSTS—RESULTING TRUSTS—EVIDENCE.
In 1870 the petitioner's husband surrendered certain land in his schedule of
bankruptcy, setting up no claim therein on behalf of his wife.   In 1874 the
land was sold for the benefit of the creditors, and she became the purchaser
of part of it.   In 1876 he died, and in 1880 she claimed dower, and the same
was assigned to her.   In 1885 she asserted in this cause a claim to the prop-
erty by way of a resulting trust, on the ground that the land was deeded to her
husband in 1853 by her grandmother, with the distinct understanding that
one-half thereof should belong to her, but there is no evidence of any pay-
ment by her out of her separate estate, and no allegation of fraud or mistake or
contemporaneous agreement is made.   Held, not resting the decision upon the
question of the admissibility of parol proof, that there is not evidence suffi-
cient to show a resulting trust in favor of petitioner.[2]

In Bankruptcy.
Chas. A. Ronald and G. W. & L. C. Harnsbrough, for petitioner.
Thos. E. Sullivan, for defendants.

[1] Reported by F. T. Barr, Esq., of the Abingdon bar.
[2] To establish a resulting trust in real estate by parol evidence, such evidence must
be clear, strong, and unmistakable.   P'Pool v. Thomas, (Ky.) 8 S. W. Rep. 198, and
cases cited in note.

PAUL, J. On the petition of Ellen J. Stanger, the widow of Henry S. Stanger, bankrupt. On the 30th day of December, 1871, Henry S. Stanger, who then lived in Montgomery county, Va., was on his petition adjudged a bankrupt. In his schedules he surrendered a tract of land lying in Montgomery county, containing 183 acres, it being the moiety of a tract of land conveyed to said Henry S. Stanger and James L. Vaught by a deed made by Jane Barriger, or Barger, as she is called in this proceeding, on the 1st day of November, 1850. In 1874 a decree was entered in this court directing the sale of the 183 acres of land for the benefit of the creditors of the bankrupt, and in December, 1874, the land was sold in parcels to different purchasers, the petitioner being one. Under a subsequent order of the court the greater part of the purchase-money bonds were assigned to persons holding liens against the estate of the bankrupt. In 1876 Henry S. Stanger, the bankrupt, died. In 1880, his widow, Ellen J Stanger, the petitioner, filed her bill in the circuit court of Montgomery county, Va., praying to have dower decreed her in the 183-acre tract of land, and on an agreement made with purchasers a decree was entered allowing her to take in satisfaction of her dower five acres of land in fee-simple; and a special commissioner of that court, appointed for that purpose, made her a deed for the same. In 1885 the said Ellen J. Stanger filed her petition in this cause, alleging that she is entitled to one-half of the said tract of 183 acres of land, or the proceeds of sale thereof, by reason of a resulting trust therein accruing for her benefit. At the September term, 1886, of this court she filed an amended petition, and to the original and amended petitions the assignee and receiver, T. E. Sullivan, demurred, and filed his answer. The demurrer, being defective in form and substance, must be overruled. The petitioner, in her original petition, claims a resulting trust in her favor in the 183-acre tract of land on the ground that it was the distinct understanding and agreement between the grantor, Mrs. Jane Barger, who was the grandmother of petitioner, and the said Henry S. Stanger and James L. Vaught, the grantees in the deed of November 1, 1853, that the petitioner was to have one-half of the land conveyed by her said deed to her husband, Henry S. Stanger, and to sustain her claim makes this statement:

"Jane Barger, the grandmother of petitioner, was on the 1st day of November, 1853, and previous thereto, the owner of a very valuable tract of land lying near the town of Blackaburg, in the county of Montgomery, containing —— acres. The value of this land was estimated at $8,000 by Mrs. Barger; and on the 1st day of November, 1853, she sold said tract of land to Henry S. Stanger, who was the husband of your petitioner, and James L. Vaught, who was the husband of her granddaughter, Virginia Peery, valuing the land in her sale to them at $8,000, and conveyed the same to the said Henry S. Stanger and James L. Vaught by deed bearing date November 1, 1853, of which a copy is herewith filed as a part of this petition. It will be seen from said deed that the amount of purchase money to be paid to Mrs. Jane Barger was $4,000,—two thousand by Henry S. Stanger, and two thousand by Henry S. Vaught. At the time of said sale the land was valued at $8,000, and the express agreement and understanding between Mrs. Jane Barger, Henry S. Stanger, and James L. Vaught was that in addition to the $4,000 expressed

on the face of the deed, that the said James L. Vaught was to pay Mrs. Harriet Peery, his mother-in-law, and daughter of Jane Barger, one thousand dollars; Mary Peery, daughter of said Harriet Peery, now the wife of John Lybrook, $500; and $500 to his (Vaught's) own wife, who was a daughter of said Harriet Peery; all of which the said Vaught paid, together with the two thousand dollars that he was to pay and did pay to Mrs. Jane Barger, making the sum of $4,000 which said Vaught paid for one moiety of the land in said deed mentioned. Your petitioner being the only child of Saml. and Mary Webb, who were both dead, her grandmother, the said Jane Barger, at the time of the sale of said land had it expressly understood that she, your petitioner, was to have one-half of the moiety of the land deeded to her husband in said deed, which the said Jane Barger considered of the value of two thousand dollars, thereby making your petitioner equal with Harriet Peery and her two daughters, Mrs. Vaught and Mary Peery, now Mrs. Lybrook. Thus it will be seen that while James L. Vaught paid $4,000 for one moiety of the land mentioned in said deed, Henry S. Stanger pays only $2,000, which was only half as much as the said Vaught paid, and only one-fourth value of the land; and by the terms of the agreement between the parties when Mrs. Jane Barger made the deed aforesaid, your petitioner was to have one-half of the land which her husband took possession of, to-wit, 183 acres, which was one moiety of the whole tract conveyed by Mrs. Jane Barger aforesaid; thereby making your petitioner, who was the only child of Saml. and Mary Webb, equal with Mrs. Harriet Peery and her two daughters, Mrs. Vaught and Mrs. Lybrook, thereby creating a resulting or express trust in favor of your petitioner; and she is advised that for her protection it was not necessary for the same to be in writing."

The amended petition, after making substantially the same statement as just quoted from the original petition, says:

"Thus having provided that one-half of the unexpressed consideration, to-wit, $2,000, payable by Vaught, should belong to her said daughter Harriet Peery, and the latter's two daughters, Mrs. Lybrook and Mrs. Vaught, Mrs. Barger provided that the other half of the said unexpressed consideration, the $2,000 which Stanger was to pay, [in addition to the $2,000 payable by him to the grantor directly,] should belong to his (Stanger's) own wife, the petitioner, daughter [and only child] of Mrs. Webb, who was the other of the two said daughters of Mrs. Barger, and this sum, thus having become the money of the petitioner, went to pay and did pay and satisfy to Mrs. Barger one-half of the $4,000, which was the actual consideration which was by the agreement of sale to pass from Stanger to Mrs. Barger, his vendor and grantor, for the moiety of said tract of land which was granted to him by Mrs. Barger, to-wit, the said 183 acres of land, with the brick house thereon; that is, the said 183 acres of land was purchased by Stanger as to one undivided half thereof with the petitioner's own money, which was her separate estate, over which her said husband had, and was intended by the donor thereof, Mrs. Barger, her grandmother, to have, no control. And the petitioner submits that the circumstances of the transaction created a resulting trust on said 183 acres of land in her separate behalf, and that, the legal title to said 183 acres being in her husband, he will, upon equitable principles, which are well settled, and which govern the decisions of this court in such matters, be adjudged to have held one undivided half of said 183 acres as trustee for her sole and separate use."

Both in the original and amended petitions the petitioner bases her claim to one-half of the 183 acres of land on this well-established and familiar principle;

"Where, upon a purchase of property, the conveyance of the legal title is taken in the name of one person, while the consideration is given or paid by another, the parties being strangers to each other, a resulting trust arises from the transaction, and the person named in the conveyance will be a trustee for the party from whom the consideration proceeds." Perry, Trusts, § 126.

The amended petition was filed after all the depositions taken in the cause had been put in. No additional testimony has been produced. There is no proof to sustain the allegation in the amended petition to the effect that in the contract of sale Mrs. Barger provided that the other half of the unexpressed consideration, the $2,000 which Stanger was to pay, (in addition to the $2,000 payable by him to the grantor directly,) should belong to his (Stanger's) wife, the petitioner; and that this sum, thus having become the money of the petitioner, went to pay and did pay and satisfy to Mrs. Barger one-half of the $4,000, which was the actual consideration which was by the agreement of sale to pass from Stanger to Mrs. Barger, and that the petitioner having paid for one undivided half of the 183 acres of land, out of money which was her separate estate, has a resulting trust therein to the extent of one-half of the land. This being the only material statement in the amended petition, which is not made in the original, and there being no evidence to sustain it, the amended petition need not be further considered. As to the original petition, the ground on which the petitioner claims a resulting trust in her favor is that in the contract of sale there was a distinct understanding and agreement between the grantor and the grantees in the deed of November 1, 1855, that the petitioner was to have one-half of the land which was in said conveyance deeded to her husband.

The first question that is presented to the court in this investigation is, can the court, where a deed is in the usual form, the consideration expressed, and there is no allegations in the bill of fraud, mistake, or accident, go behind the deed, and inquire whether there was other and additional consideration, to that expressed on the face of the deed? 2 Pom. Eq. Jur. § 1036. Is parol evidence admissible to prove a consideration where there is no allegation of fraud, or mistake, or antecedent or contemporaneous contract, different from that expressed in the deed? Parol evidence is clearly admissible to prove a resulting trust; to show from whom the consideration moved. It is clearly admissible where there is any ambiguity in the language of the deed; where there is no consideration, or merely a nominal consideration, expressed; where there is a charge of fraud, mistake, or accident,—to show the real consideration. But where none of these circumstances occur, and, as in this case, there is no question raised as to who paid the consideration mentioned in the deed, the weight of authority is decidedly against the admission of parol evidence to prove a consideration different from that expressed in the conveyance. But the court is unwilling to rest the decision of the questions involved in this cause upon a rule of evidence that will exclude investigation of their merits. Parol evidence is only introduced to establish the claim of the petitioner to a resulting trust in the 183-acre tract of land. "It is settled by a complete unanimity of decision that such evidence must be

clear, strong, unequivocal, unmistakable, and must establish the fact of payment by the alleged beneficiary beyond a doubt." 2 Pom. Eq. Jur. § 1040. The evidence in this cause was taken 32 years after the transaction which it purports to establish. It is all taken by the petitioner. After such a lapse of time it must come with comparatively little weight. It is all to the same effect; and if we give it full credit it can only establish this fact: that it was understood and agreed by the parties to the contract of sale that one-half of the land granted to the petitioner's husband was to belong to petitioner. There is no evidence that she paid any of the purchase money out of her separate estate; there is no evidence that she had any separate property; there is no evidence of any consideration moving from her by which a resulting trust was raised in her favor. "In order that this effect [resulting trust] may be produced, however, it is absolutely indispensable that the payment should be actually made by the beneficiary, or that an absolute obligation to pay should be incurred by him, as part of the original transaction of purchase, at or before the time of the conveyance. No subsequent entirely independent conduct, intervention, or payment on his part would raise any resulting trust." 2 Pom. Eq. Jur. § 1037. The cases cited in the argument by counsel for petitioner, with a view to establishing a resulting trust in her favor, are all cases where the consideration was paid by a person other than the grantee in the deed. Such was the case in *Bank* v. *Carrington*, 7 Leigh, 566; *Borst* v. *Nalle*, 28 Grat. 435; *Smith* v. *Flint*, 6 Grat. 40, 42; *Norman* v. *Cunningham*, 5 Grat. 72; *Countz* v. *Geiger*, 1 Call, 190; *Re Anderson*, 23 Fed. Rep. 482, (decided in this court by Judge Hughes, at the March term, 1885.) The last case is especially relied on in the petition and by counsel in argument. The decision in that case rests upon the broad principle that where the consideration moves from one person and the legal title is conveyed to another, the person taking the title holds the property in trust for the benefit of the person whose money or estate paid for it. In that case it was Mrs. Anderson's separate property, her interest in the landed estate of her father, Jacob Kent, deceased, which had been conveyed by her co-heirs, her brothers and sisters, to George W. Anderson, her husband. It cannot be pretended that the petitioner had any separate estate, property, or interest of any kind in the 183 acres of land conveyed to her husband, from which, by operation of the law, a resulting trust arises in her favor. There is no pretense that she was invested with such separate estate by will, deed, or descent. Such must have been the view of the petitioner and her husband. The husband surrendered the land in bankruptcy in 1870. He surrendered this land in his schedules, and set up no claim on behalf of his wife to an interest in it. In 1874 the land was sold, and the petitioner became the purchaser of part of it. In 1876 the husband died. In 1880 the petitioner, his widow, claimed dower in the land, and had it assigned to her. In 1885, nine years after the disability of coverture is removed, the petitioner asserts her claim to an interest in the land by way of a resulting trust. The testimony of the attorney, Charles A. Ronald, who wrote the deed, may here be adverted

to as showing that if an agreement ever existed between the grantor and the grantee, Henry S. Stanger, that the petitioner was to have one-half of the 183 acres of land, such agreement was by the mutual consent of the grantor and grantee annulled. In answer to the question, "was there anything said at the time of making the said deed about mentioning this understanding in the deed?" he says, "Yes, sir; I suggested it myself, but Henry S. Stanger rather objected to it, upon the ground that it might injure his credit." To this objection the grantor must have yielded, and abandoned the understanding that the petitioner was to have one-half the land, and agreed to the request or demand of Stanger that the deed be made to him absolutely for the whole of the land. It is not at all probable that the scrivener, after what he says about the understanding and agreement that the petitioner was to have half of the land, would have neglected to make proper provision in the deed for securing this interest to the petitioner, and have drawn a deed conveying the whole property to her husband, without the consent and direction of the grantor. After a careful investigation of the claim of the petitioner the court is of opinion that there is no resulting trust in her favor in the tract of 183 acres of land surrendered in bankruptcy by Henry S. Stanger; that the creditors of Henry S. Stanger, bankrupt, are entitled to the proceeds of the the sale of said land; and the petition of Ellen J. Stanger must be dismissed.