[No. 1426.]

## CHARLES CRAW, Plaintiff and Appellant, v. FRANK WILSON, Defendant and Respondent.

1—Mining Partnership—Statute of Frauds—Partnership Capital.—Unless partnership capital is employed in the acquisition of a mining claim, the partnership agreement, unless in writing, is within the statute of frauds. Equitable relief may be given against the partner holding the legal title when the property has been acquired by partnership property upon the theory that a resulting trust exists—a trust arising by operation of law and, therefore, within the exception of the statute.

2—Testimony—Conflicting, Findings Under, Not to be Disturbed.—Where the trial court under conflicting evidence decides upon a certain finding under well-settled rules, this court cannot disturb such finding.

Appeal from judgment and order denying motion for new trial, from district court, Lincoln county; *A. E. Cheney*, District Judge, presiding.

The facts sufficiently appear in the opinion.

*George S. Sawyer* and *Richards & Macmillan*, for Appellant:

This action was brought to obtain a judgment of the lower court declaring plaintiff and defendant partners in a mining venture.   *   *   *   The findings of fact upon which the decision is based, are outside of the issues made by the pleadings. The *issue* was the *partnership*, not its *dissolution or abandonment.*

"A fact contained in the findings of the court, which contradicts the admissions of the pleadings will not be regarded; and no presumption that it was founded upon competent evidence will be indulged in." (*Burnett* v. *Stearns*, 33 Cal. 474; *Gregory* v. *Nelson*, 41 Cal. 284; *Hicks* v. *Murray*, 43 Cal. 522; *Bradbury* v. *Cronise*, 46 Cal. 288; *Hill* v. *Den*, 44 Cal. 20; *Tracy* v. *Craig*, 55 Cal. 93; *Orlig* v. *Cordero*, 88 Cal. 225; *Silvey* v. *Meary*, 59 Cal. 98; *Swan* v. *Smith*, 13 Nev. 260; *Welland* v. *Huber*, 8 Nev. 207; *Marshall* v. *G. F. M. Co.*, 16 Nev. 177; *Gould* v. *Stafford*, 18 Pac. 879; 77 Cal. 66; *Morrell*

v. *Irving Ins. Co.*, 33 N. Y. 443; Estee's Plead., sec. 4640, note 8, and sec. 4643 and cases cited; *Piercy* v. *Sabine*, 10 Cal. 22; *Geazier* v. *Clift*, 10 Cal. 304; *Gaskill* v. *Moore*, 4 Cal. 234; Pomeroy's Code Remedies, sec. 702.)

The court in the decision failed to grasp the scope of the action, which was for the dissolution of a partnership and resulting accounting and settlement of its affairs, with a division of its property, and not an action for *specific performance*, or for *violation of a partnership agreement*. It ignores the principles governing partners, although a partnership was found to exist. (*Murley* v. *Ennis*, 2 Cal. 300; *Gore* v. *McBrayer*, 18 Cal. 582; *Settembre* v. *Putnam*, 30 Cal. 490; *Southmayd* v. *Southmayd*, 5 Pac. 322, 1 Mont. 100; *Skillman* v. *Lachman*, 23 Cal. 199; *Duryea* v. *Burt*, 28 Cal. 569.) As partner, therefore, the appellant was also tenant in common, and it is well settled that the possession of one tenant in common is possession of all. (*Southmayd* v. *Southmayd, supra; Warring* v. *Crow*, 11 Cal. 367; Smith, Real Property, 392; *Warring* v. *Cram*, 12 Mor. Mg. Rep. 285, and cases cited.) Here the partnership tools were used in locating and working the properties in dispute. (*Huberer* v. *Ruding*, 11 Mor. Mg. Rep. 514; Parsons on Part., pp. 6, 7, 8, 9, and notes; *Welland* v. *Huber*, 8 Nev. 203; 1 Greenleaf Ev., sec. 42; *Warring* v. *Cram*, 12 Mor. Mg. Rep. 285; *Lawrence* v. *Robinson*, Id. 387; *Sears* v. *Collins*, Id. 401.) The allegation of partnership is complete. (*Groves* v. *Tallman*, 8 Nev. 180.)

The decision is contrary to the evidence: (1) Because the decision is based upon the dissolution and settlement of the partnership alleged and proven to exist. The complaint alleges that it never was annulled or dissolved and that it existed at the commencement of this action. The answer does not deny this in any way; it is admitted by the pleading, and a finding contrary to the admissions of the pleadings is against evidence, and a judgment based upon such a finding is erroneous. (*Ortega* v. *Cordew*, 88 Cal. 255, and and citations.) The allegations and proof of partnership is complete, *i. e.*, the agreement, and action under it, which is the consummated agreement. (*Groves* v. *Tallman*, 8 Nev. 178; *Bradbury* v. *Cronis*, 46 Cal. 287.) (2) The partnership agreement and acts under it, which shows a consummation, are proven and found. A partnership at will can only be dis-

solved at the instance of one of the parties on proper notice. (*Crawshay* v. *Maule*, 11 Mor. Mg. Rep. 230; 17 Am. & Eng. Ency. of Law, 1095, 1108.)

The court erred in allowing any testimony as to dissolution or abandonment of partnership under the denials of the anwer. Confession and avoidance under the reform procedure comes under the head of new matter and cannot be proven unless pleaded. (Pomeroy's Code Remedies, sec. 691; Wright's Remedies and Prac., sec. 3481; 1 Ency. of Pl. & Prac., sec. 13, notes, p. 830–1.) And a special denial is the same as a general. (*Horton* v. *Rhuling*, 3 Nev. 505; *Coles* v. *Soulsby*, 21 Cal. 47; 13 Nev. 260; 30 Cal. 473; *Osborne & Co.* v. *Evans*, 58 Mo. 920; *Landis* v. *Morrissey*, 69 Cal. 86, and citations; Pomeroy's Code Rem., 962; *Moss* v. *Shear*, 30 Cal. 472; 18 Am. & Eng. Ency. of Law, p. 556, sec. 3; Civil Prac. Nev. 46; Pomeroy's Code Rem., 659; *McKyring* v. *Bull*, 16 N. Y. 307; Bliss on Code Pl., sec. 327, and note 2, 339; *Weaver* v. *Barden*, 49 N. Y. 286.)

The rule heretofore acted upon as to presumptions in favor of the findings is abrogated by Stats. 1893, p. 89. The existence of a partnership does not depend upon the fact that each partner has in all things complied with his agreement. If the contract has been made, property and labor contributed, and the partnership business commenced, or carried on to any extent, there is a partnership. (*Abbott* v. *Smith*, 32 Pac. 845; *Megher* v. *Reed*, 24 Pac. 691.)

*Henry Rives* and *T. J. Osborne*, for Respondent:

No statement on motion for new trial was filed or served within the time required by statute.

"It is not the duty of counsel to inform their opponents that they are about to omit some steps in the proper management of their side of the case." (*Killip* v. *Empire M. Co.*, 2 Nev. 34.)

"It is incumbent upon a party who wishes to avoid the consequences of error in legal proceedings, upon the ground of waiver by the opposite party to show such waiver—not upon the party insisting on the error to establish that he did not waive." (*McWilliams* v. *Hirschman*, 5 Nev. 263; *White* v. *White*, 8 Nev. 20.)

The notice having been once served and filed, the plaintiff

was compelled to file his statement within five days thereafter, unless the time was extended, and the transcript on appeal in this case show no such extension. (Gen. Stats., sec. 3219; *Corbett* v. *Swift,* 6 Nev. 194.) Both the notice and the statement must be filed within due time. (*Killip* v. *Empire M. Co.,* 2 Nev. 34; *State* v. *Nat. Bank,* 4 Nev. 358.)

The decision of the judge who tried the case shows that he does not find that any partnership ever existed. The answer certainly denies that any partnership ever existed. The court distinctly found that none ever existed concerning any mines in Ferguson district, and this is "the vital point."

In conclusion, it is submitted that the amendment which was made to the statute of Nevada in 1893, p. 89, does not alter the well-established doctrine in this state that *all* presumptions are in favor of the findings of a court and the verdict of a jury, and that the amendment in no way alters or affects this rule.

By the Court, BELKNAP, J.:

This is a suit in equity for the purpose, among other things, of obtaining a decree determining that plaintiff is a half owner with defendant in certain mining property standing in the name of defendant. The case was tried by the court without a jury. The decision was in favor of defendant.

The complaint alleges that, in consideration of the mutual advantages to be derived therefrom, the parties promised and agreed to and with each other to combine their efforts and means in prospecting for and locating water rights, timber claims, and mines and mining claims, and that they should be equal partners in all such locations; that said agreement has never been annulled in any way, but still remains in full force and effect.

The answer denies the partnership; admits defendant's ownership in the mines, but denies that such ownership was acquired by virtue of any agreement of partnership, or by the aid of any means, tools, or equipments furnished by the partnership, and alleges that defendant's interest was acquired entirely independently of it.

The facts, so far as material to the contention, are that the parties formed a mining partnership by oral agreement,

and under it some mining locations were made, and other property acquired. These matters were of small value, and all of them had been settled long prior to the commencement of this suit. If there was anything left out, it was, according to appellant's testimony, the Hidden Treasure claim, called in the complaint, by mistake, the " Keystone Claim." No effort was made to amend the complaint so as to embrace the Hidden Treasure claim, probably because no value was attached to it, and it was afterwards relocated by a stranger. In the spring of 1892 the defendant went the Ferguson mining district, and, in connection with others, located the property in dispute.

The important question is whether the Ferguson district mines were located under the partnership. Unless partnership capital was employed in their acquisition, the partnership agreement is within the statute of frauds, and void. The statute declares: "Sec. 55. No estate or interest in lands other than leases for a term not exceeding one year, nor any trust or power over or concerning lands, or in any manner relating thereto, shall hereafter be created, granted, assigned, surrendered or declared unless by act or operation of law, or by deed or conveyance in writing subscribed by the party creating, granting, assigning or declaring the same, or by his lawful agent, thereto authorized in writing." (Stats. 1861, p. 11.) Equitable relief may be given against the partner holding the legal title when the property has been acquired by partnership capital upon the theory that a resulting trust exists—a trust arising by operation of law, and within the exception of the statute. (Colly. Partn., sec. 135, and note; *Edgar* v. *Donally,* 2 Munf. 387; *Sigourney* v. *Munn,* 7 Conn. 11.) The district court, however, in its decision, under conflicting testimony, held that the mines were not located with partnership capital, and enforced its conclusion by many circumstances in its support. Under well-settled rules, we cannot disturb the finding, but take this occasion to approve of it, as being fully supported by the evidence.

A number of exceptions were taken to the admission of evidence touching the dissolution of the partnership. The admission of this evidence could not have prejudiced the

appellant, as the decision against him, as we have seen, was placed upon other grounds.

The judgment and order of the district court are affirmed.