[No. 1874]

# WILLIAM LEVY, APPELLANT, *v*. RICHARD RYLAND, RESPONDENT.

1. PLEADING—DEMURRER—DETERMINATION—ASSUMING TRUTH OF FACTS.

In considering a complaint on demurrer, the facts alleged are assumed to be the truth.

2. TRUTHS—RESULTING TRUST—PAYMENT OF CONSIDERATION FOR CONVEYANCE TO ANOTHER.

Where two persons purchase real estate, and title is taken in the name of one, a trust results in the other's favor.

3. TRUSTS—RESULTING TRUSTS—POSSESSION OF PROPERTY—ADVERSE POSSESSION.

In case of a trust resulting from the purchase of real estate by two persons and the taking of title in the name of one, the latter's possession is considered in law that of the trustee, and his possession as trustee is the possession of the *cestui que* trust.

4. TRUSTS—RESULTING TRUSTS—PLEADING AGREEMENT CREATING.

A mutual agreement between plaintiff and defendant to purchase land, each to pay half the price and own an undivided half interest, the title to be taken in the name of the defendant, who was to thereafter deed an undivided half interest to plaintiff, pursuant to which defendant purchased the property receiving the title in his own name, and plaintiff paid defendant half the price, created a resulting trust in plaintiff's favor.

5. TRUSTS—RESULTING TRUST—PAYMENT AS ELEMENT THEREOF.

Where the entire amount necessary to purchase land is advanced at the time of the purchase by one taking title, with an understanding previously had with another that the purchase should be for their joint benefit, the part advanced by him is a loan by him to the other which is an actual payment in the other's behalf sufficient to bring the transaction within the rule that payment must be made at or about the time of the purchase to effectuate a resulting trust.

6. TRUSTS—CONTRACT CREATING RESULTING TRUST.

Where a resulting trust is created by the purchase of land in the name of one person for the joint benefit of himself and another, the contract on which it is based is not within the statute and need not be in writing.

7. FRAUDS, STATUTE OF—PLEADING—DEMURRER.

Since it will be presumed till the contrary appears that a contract within the statute on which suit is based is in writing, where the complaint is silent as to whether it is oral or written, to invoke the statute to defeat the action it must be pleaded by answer and cannot be raised by demurrer.

8. TRUSTS—ADVERSE POSSESSION BY TRUSTEE.

The statute of limitations does not run against a resulting trust in favor of the trustee because the trustee's possession is deemed in law the possession of the *cestui que* trust.

9. LIMITATION OF ACTIONS—ACCRUAL OF RIGHT OF ACTION—STATUTE AS RUN-
   NING AGAINST TRUST.
      The statute does not begin to run against a trust till it has been
   openly disavowed by the trustee, insisting on an adverse right and
   interest, clearly and unequivocally made known to the *cestui que* trust.

10. LIMITATION OF ACTIONS—WHEN STATUTE BEGINS TO RUN—DISCOVERY OF
    FRAUD OR MISTAKE.
      The statute does not begin to run against an action by a *cestui que*
    trust until the time of the discovery by the latter of fraud or mistake
    on which it is based.

11. TRUSTS—ACTION BASED ON RESULTING TRUST—COMPLAINT.
      Where, on an action based on an alleged agreement creating a
    resulting trust in a lot purchased by defendant, the first paragraph of
    the complaint alleges the agreement to purchase a certain lot in block
    "W" in the City of Reno, and the second paragraph alleges the pur-
    chase pursuant to that agreement of lot 9 in block "W," which is the
    alleged description of the lot in question, the complaint clearly alleges
    a prior mutual agreement wherein defendant should purchase for the
    joint benefit of himself and plaintiff a certain lot in block "W" in such
    city, and the purchase pursuant thereto, which was sufficient to prop-
    erly connect the issues of the subject-matter of the agreement and the
    purchase pursuant thereto as referring to one and the same transaction.

APPEAL from the District Court of the Second Judicial Dis-
trict of the State of Nevada, Washoe County; *W. H. A. Pike*,
Judge.

Suit by William Levy against Richard Ryland. From an
order sustaining a demurrer to the complaint, and from a
judgment dismissing it on refusal to amend, plaintiff appeals.
**Reversed.**

The facts sufficiently appear in the opinion.

*Mack & Green*, for Appellant.

*Cheney, Massey & Price*, and *C. L. Harwood*, for Respondent:

I.   The complaint fails to state a cause of action, for the
reason that there is nothing to show any identity between the
subject-matter of the alleged contract and the subject-matter
of the purchase. No resulting trust arose from the facts
alleged. The purchase money must be paid at or before the
time the deed is made to the other party. A subsequent agree-
ment or subsequent payment creates no trust. There is no pre-
sumption in this state as a matter of pleading that a contract

declared to be void by the statute of frauds, unless in writing, is in writing. The complaint, having alleged a contract generally and not alleging it to be in writing, is bad on general demurrer.

The statute of limitations in actions affecting real estate is not tolled by the provisions of the fourth subdivision of section 3718 of the Compiled Laws, or otherwise. And in any case no facts are alleged upon which to base the suspension of the running of the statute.

There is no identity of subject-matter in the allegations contained in subdivision one of the complaint and those contained in subdivision two. In other words, it may have been true that the parties, in the latter part of December, 1902, agreed to purchase "the lot" in block W, belonging to Smith and wife, but there is nothing in the complaint, in paragraph two, or elsewhere, to show that on the 9th day of January, 1903, lot 9 in said block W was the same piece of ground concerning · which the alleged agreement was made. In an action of this kind, great particularity is required in allegations and proof. The facts must be fully and exactly stated and the proof must be convincing—a mere preponderance is not sufficient. This complaint is short of the standard in every respect. There is nothing in the pleading that expressly or by any reasonable inference connects the subject of the alleged agreement to purchase with the subsequent events. (See authorities cited under point II.)

II. The case of *Norton* v. *Brink*, 110 N. W. 669, 7 L. R. A. 945, is exactly in point. The trial court dismissed the complaint and entered judgment in favor of the defendant, though the facts were proved as alleged, and briefly they were that the plaintiff made a contract with the defendant in substance that they should purchase a certain tract of farm land in partnership, each party to pay one-half the purchase money, and, upon a sale, divide profits or losses; that the defendant should advance the entire purchase money and take the title in his own name; and that the plaintiff .should upon demand repay the defendant one-half of the purchase price; that the defendant did purchase the land and take the title in his own name, but before any demand was made upon the plaintiff,

the defendant died; that the plaintiff was ready, willing, etc. Neither does the complaint show any excuse for failing to discover the alleged mistake of fraud in the description of the deed.    There is not only no showing of diligence, but an affirmative showing of neglect.    (Wood, Limitations, 5276; *Wood* v. *Carpenter*, 101 U. S. 135; *Lady Washington Co.* v. *Wood*, 113 Cal. 482; *Burling* v. *Newlands*, 39 Pac. 49; *Hetch* v. *Slanet*, 72 Cal. 363; Smith on Fraud, par. 3; see, also, par. 75.)

By the Court, SWEENEY, J.:

This is a suit in equity brought by the appellant, Levy, wherein he seeks to recover from the respondent, Ryland, the legal title to an undivided one-half interest in certain real property in the City of Reno, County of Washoe, State of Nevada.    To the complaint of appellant, respondent interposed a demurrer in the lower court setting forth the following grounds: "(1) That the cause of action stated accrued more than five years before the commencement of the action. (2) That at no time within five years next preceding the institution of the suit was appellant seized or possessed of the premises in question, as provided by section 3707 and section 3708 of the Compiled Laws.    (3) That the recovery of the two hundred and fifty dollars excess in the purchase price paid respondent is barred by section 3718 of the Compiled Laws. (4) That the cause of action is barred by the three-year limitation of section 3718 of the Compiled Laws.    (5) That the contract sought to be enforced is oral, and therefore in violation of the statute of frauds and of section 2694 of the Compiled Laws.    (6) That the complaint fails to state sufficient facts to constitute a cause of action."    The demurrer was regularly argued and sustained.    The plaintiff refusing to amend his complaint, a judgment of dismissal was ordered, from which order of the lower court sustaining the demurrer and judgment dismissing the complaint plaintiff appeals.

For the purpose of considering the points of law raised by the demurrer, the facts as pleaded in the complaint are considered to be true.    This court, in passing upon the sufficiency of the complaint, does so solely from a legal standpoint in considering the points raised by the demurrer, and, if we find

the points raised by the demurrer not to be well taken in law, by answer respondent will, on issues joined, have the lower court pass upon the facts alleged.

In the complaint it is alleged: That in December, 1902, appellant and respondent entered into a mutual agreement to purchase certain real estate in Reno, Nevada. That by this agreement each was to pay one-half of the purchase price and each was to own an undivided one-half interest in the property. That the title to the whole property was to be taken in the name of respondent, Richard Ryland, and thereafter he was to deed to the appellant, William Levy, an undivided one-half interest. That about January, 1903, pursuant to the agreement, Ryland purchased the property for $3,500, receiving the title in his own name. That thereafter he informed the appellant that half of the purchase price was $2,000, and about January 16, 1903, this was paid to respondent by appellant. That by reason of this representation the respondent, Ryland, is alleged to have fraudulently secured from the appellant, Levy, $250 more than was coming to him under the agreement. That the property agreed to be purchased, and to which, pursuant to their mutual agreement, respondent received title, was known as lot 9, in block "W" in the City of Reno, a lot with an east front of fifty feet on Center Street and a depth of one hundred and forty feet. That about January 16, 1903, respondent executed a deed to appellant conveying to him an undivided one-half interest in the east eighty feet of lot 9, instead of an undivided one-half interest in the whole of the lot, thus retaining the west sixty feet in his own name. It is this west sixty feet that complainant seeks to recover in this action.

It is further alleged that the deed was made by respondent with intent to defraud appellant of his interest in the west sixty feet of said lot, and at the time the deed was delivered to and accepted by appellant he believed it conveyed to him an undivided one-half interest in the whole property taken in the name of respondent pursuant to their agreement. Appellant sets forth that for many years prior to the execution of the deed appellant and respondent had conducted business together in the purchase and sale of real estate; that appellant had

great confidence in the integrity and fair dealing of the respondent; that, at the time he received the deed from respondent, appellant, because of this confidence, relied upon and believed the representations of the respondent that the deed conveyed an undivided one-half interest in the whole lot; and that appellant did not discover the alleged misrepresentations until March, 1908. It is further alleged that in the month of March, 1908, appellant demanded of respondent a deed conveying an undivided one-half interest in the whole lot, or in that portion which had not been conveyed to him, which respondent refused to do. The file marks on the complaint show that the suit was instituted on June 21, 1909.

As before stated, for the purpose of considering the legal sufficiency of the complaint, as tested by the points of law raised by the demurrer, the facts alleged in the complaint are considered as true.

The points of law raised by the demurrer present the following questions to be determined from the complaint: Was the agreement alleged to have been entered into between Ryland and Levy, for the purchase of the lot in question, such an agreement as to create a resulting trust? If so, must the agreement be alleged to have been in writing? Is the agreement made and entered into between Ryland and Levy, as alleged in the complaint, such an agreement, if creating a resulting trust, as would be without the statute of frauds? Did the statute of limitations run from the time of the agreement alleged to have been entered into between Ryland and Levy, or from the time of the alleged discovery of the alleged misrepresentations by Levy in the deed given him by Ryland?

The law is well established that where two persons purchase real estate, and the title is taken in the name of one of them, there is a resulting trust in favor of the other; and that the possession of the one in whose name the title to the land is taken is considered in law that of the trustee, and his possession as trustee is the possession of the *cestui que* trust. (*White v. Sheldon*, 4 Nev. 280; *Frederick v. Hass*, 5 Nev. 389; *Dutertre v. Shallenberger*, 21 Nev. 507; *Osborne v. Endicott*, 6 Cal. 154, 65 Am. Dec. 498; *Miles v. Thorne*, 38 Cal. 335, 99 Am. Dec. 384; *Love v. Watkins*, 40 Cal. 547, 6 Am. Rep. 624; *Hearst v.*

*Pujol*, 44 Cal. 230; *Hoffman* v. *Vallejo*, 45 Cal. 564; *Luco* v. *Detoro*, 91 Cal. 405, 18 Pac. 866, 27 Pac. 1082; *Fulton* v. *Jansen*, 99 Cal. 587, 34 Pac. 331; *Scadden Flat Gold M. Co.* v. *Scadden*, 121 Cal. 33, 53 Pac. 440; *Fleishman* v. *Woods*, 135 Cal. 256, 67 Pac. 276; *Faylor* v. *Faylor*, 136 Cal. 92, 68 Pac. 482.)

An examination of the allegations of the complaint, we believe, sufficiently pleads such an agreement, which, if proven to be true, would create a resulting trust in favor of the appellant. The allegations of the complaint clearly allege a mutual agreement, wherein the respondent should purchase, for the joint benefit of himself and appellant, the lot in question, pursuant to a prior agreement entered into for the joint purchase of the lot for their joint benefit, at which time appellant agreed to pay one-half the purchase price for one-half the lot, the title to be taken in the name of respondent, and one-half thereafter deeded to appellant, the petitioner herein. And the complaint further alleges that in pursuance of this agreement half of the purchase price was paid to the respondent.

The authorities hold that even though respondent advanced the entire amount necessary to purchase the land at the time of the purchase, with an understanding previously had with the appellant that the purchase should be for the joint benefit of himself and appellant, the part of the purchase price advanced by respondent is considered in law to be a "loan" by him to appellant, which is considered in law an actual payment in behalf of the appellant sufficient to bring the transaction within the rule that payment must be made at or about the time of the purchase in order to effectuate a resulting trust. (*Hidden* v. *Jordan*, 21 Cal. 92; *Millard* v. *Hathaway*, 27 Cal. 121; *Sandfoss* v. *Jones*, 35 Cal. 481; *Walton* v. *Karnes*, 67 Cal. 255, 7 Pac. 676; *Hellman* v. *Messmer*, 75 Cal. 166, 16 Pac. 766; *Thomas* v. *Jameson*, 77 Cal. 91, 19 Pac. 177; *Kendall* v. *Mann*, 11 Allen, 15; *Burleigh* v. *White*, 64 Me. 23; *McDonough* v. *O'Neil*, 113 Mass. 92; *Lehman* v. *Lewis*, 62 Ala. 129; *Towle* v. *Wadsworth*, 147 Ill. 80, 35 N. E. 73; *Hodge* v. *Verner*, 100 Ala. 612, 13 South. 679; *Milner* v. *Standford*, 102 Ala. 277, 14 South. 644; *Howe* v. *Howe*, 199 Mass. 598, 85 N. E. 945, 127 Am. St. Rep. 518.)

As illustrative of this rule, the Supreme Court of California, in the case of *Hellman* v. *Messmer*, said: "The rule is well settled that when real property is purchased, and one party pays the purchase money and another takes the title, a resulting trust arises in favor of the former, and the latter holds the title as his trustee. But the trust must result, if at all, at the time the deed is taken. No oral agreements and no payments made after the title is taken will create a resulting trust. The party claiming the benefit of the trust must show that the money was paid before or at the time of the execution of the conveyance. * * * It is not, however, necessary that the money should have been actually paid by the party setting up the trust. It may have been paid by the party who took the title, but advanced as a loan to the other party, and, if so, a trust results. * * * Perry, in his work on Trusts (section 133) states the rule as follows: 'If one should advance the purchase money and take the title to himself, but should do this wholly upon the account and credit of the other, he would hold the estate upon a resulting trust for the other.'" (*Hellman* v. *Messmer*, 75 Cal. 166, 16 Pac. 766.)

The Supreme Court of Illinois, in *Towle* v. *Wadsworth*, in stating the rule, said: "The complainant's theory is that the defendant, in pursuance of his agreement in that behalf, advanced the money required to make the first payment for the property, and that he had made such advance for himself and the complainant jointly, and thus, in effect, loaned one-half of the money thus advanced to the complainant, and paid it to a seminary in purchase of the property as the complainant's money, taking the title in his own name as security for its repayment. That these facts, if true, raised a resulting trust in favor of the complainant, is too well settled to require discussion. The following cases illustrative of the rule may be consulted: *Wallace* v. *Carpenter*, 85 Ill. 590; *Reeve* v. *Strawn*, 14 Ill. 94; *Davis* v. *Hopkins*, 15 Ill. 519; *Reigard* v. *McNeil*, 38 Ill. 400; *Ferguson* v. *Stutphen*, 3 Gilman, 547." (*Towle* v. *Wadsworth*, 147 Ill. 80, 35 N. E. 78.)

In *Frederick* v. *Hass*, 5 Nev. 389, Chief Justice Lewis, in laying down the rule applicable to the case before him, very properly said: "When an estate is purchased in the name of

one person, and the consideration money is paid at the time by another, that there is a resulting trust in favor of the latter is a principle of equity jurisprudence, than which none is more thoroughly settled." In the case before him this was as far as was necessary to announce the rule, but unquestionably from further language used in the opinion, wherein he said: "So that the trust may be created at the very time the title passes; no subsequent transaction being allowed to impress the character of a trust estate upon that which was absolute in the purchaser at the time it was acquired"—it will be seen that there is nothing to be found in that opinion inconsistent with the law that if a prior absolute obligation is made between the parties prior to the transaction, wherein one of the parties is to pay a part of the original price of the original purchase, and the other party to take the title in his own name for the joint benefit of both, a resulting trust is formed as completely as though cash was advanced by the appellant at the very time the prior agreement to purchase the lot was made.

This rule is established by all text-writers and succinctly set forth by Pomeroy in his work on Equity Jurisprudence, and sustained by the great weight of authorities (section 1037, 3d ed.), wherein he says: "Where property is purchased and the conveyance of the legal title is taken in the name of one person, A., while the purchase price is paid by another person, B., a trust at once results in favor of the party who pays the price, and the holder of the legal title becomes a trustee for him. In order that this effect may be produced, however, it is absolutely indispensable that the payment should be actually made by the beneficiary, B., or that an absolute obligation to pay should be incurred by him, as a part of the original transaction of purchase, at or before the time of the conveyance; no subsequent and entirely independent conduct, intervention, or payment on his part would raise any resulting trust." (Pomeroy's Equity Jurisprudence, sec. 1037; *Hidden* v. *Jordan*, 21 Cal. 92; *Millard* v. *Hathaway*, 27 Cal. 121; *Walton* v. *Karnes*, 67 Cal. 255, 7 Pac. 676; *Hellman* v. *Messmer*, 75 Cal. 166, 16 Pac. 766; *Fulton* v. *Jansen*, 99 Cal. 591, 34 Pac. 331; *Kendall* v. *Mann*, 11 Allen, 15; *Runnells* v. *Jackson*, 1 How. (Miss.) 358; *Page* v. *Page*, 8 N. H. 187; *Honore* v. *Hutchings*,

8 Bush, 687; *In re Stanger*, 35 Fed. 238; *Arnold* v. *Harris*, 52 S. W. 715; *Gardner* v. *Randall*, 70 Tex. 453, 7 S. W. 781; *Crowley* v. *Crowley*, 72 N. H. 241, 56 Atl. 190; *Pearl* v. *Whitehouse*, 52 N. H. 254; *Ferrin* v. *Errol*, 59 N. H. 234; *Bates* v. *Wilson*, 14 Colo. 140, 24 Pac. 103; *Despard* v. *Bennett*, 53 W. Va. 443, 44 S. E. 448; *Herlihy* v. *Coney*, 99 Me. 469, 59 Atl. 952; *Potts* v. *Fitch*, 47 W. Va. 63, 34 S. E. 959.)

The authorities above cited seem also to hold that where a resulting trust is created, such as pleaded in the complaint, setting forth the agreement entered into between appellant and respondent, to purchase land and hold same in whole or in part, together with the taking of the title in the name of respondent, which created a resulting trust in favor of appellant, such a contract is not within the statute of frauds, and need not therefore be in writing.

In the present case, a general contract showing a resulting trust, we think, having been sufficiently pleaded, we believe the law to be well established that if the contract creating the resulting trust is not pleaded to be in writing, that if the statute of frauds can be successfully invoked to defeat the action, for the reason that the complaint is silent as to whether or not the contract creating the resulting trust is oral or in writing, this question must be pleaded by answer and cannot be raised by demurrer, and that the court will presume, until the contrary appears, that the contract creating the resulting trust pleaded in the complaint is in writing. (*Osborne* v. *Endicott*, 6 Cal. 149, 65 Am. Dec. 498; *Wakefield* v. *Greenhood*, 29 Cal. 598; *Miles* v. *Thorne*, 38 Cal. 335, 99 Am. Dec. 384; *Vassault* v. *Edwards*, 43 Cal. 458; *Brennan* v. *Ford*, 46 Cal. 14; *McDonald* v. *M. V. H. Association*, 51 Cal. 210; *Curtis* v. *Ætna Life Ins. Co.*, 90 Cal. 245, 27 Pac. 211, 25 Am. St. Rep. 114; *McCann* v. *Pennie*, 100 Cal. 547, 35 Pac. 158; *Bradford Inv. Co.* v. *Joost*, 117 Cal. 204, 48 Pac. 1083; *Robinson* v. *Tipton*, 31 Ala. 595; *Rigby* v. *Norwood*, 34 Ala. 129; *Ritch* v. *Thornton*, 65 Ala. 309; *Price* v. *Weaver*, 13 Gray, 272; *Elliott* v. *Jenness*, 111 Mass. 29; *Hilliard* v. *Austin*, 17 Barb. 141; *Donaldson* v. *Donaldson*, [Ohio Com. Pl.] 31 Wkly. Law Bul. 102; *Townsend* v. *Sharp*, 2 Tenn. 192; *Carroway* v. *Anderson*, 20 Tenn. 61; *Lewis* v. *Alexander*, 51 Tex. 578; *Lessig* v. *Cunningham*, 55 Tex. 231;

*Horm* v. *Shamblin*, 57 Tex. 243; *Gongales* v. *Chartier*, 63 Tex. 36; *Dexter* v. *Ohlande*, 89 Ala. 262, 7 South. 115; *Horner* v. *Frazier*, 65 Md. 1, 4 Atl. 133; *Harris Photo Sup. Co.* v. *Fisher*, 81 Mich. 136, 45 N. W. 661; *Sweetland* v. *Barrett*, 4 Mont. 217, 1 Pac. 745; *Stern* v. *Drinker*, 2 E. D. Smith, 401; *Bailey* v. *Ricketts*, 4 Ind. 488; *Miller* v. *Upton*, 6 Ind. 53; *Cleaves* v. *Foss*, 4 Me. 1; *Miller* v. *Drake*, 1 Caines, 45; *Elting* v. *Vanderlyn*, 4 Johns. 237; *Lewin* v. *Stewart*, 10 How. Prac. 509; *Hepworth* v. *Pendleton*, 5 Ohio Dec. 386; *Long* v. *Lewis*, 16 Ga. 154; *Booker* v. *Ray*, 17 Ind. 522; *Printup* v. *Johnson*, 19 Ga. 73; *Bowman* v. *Ainslie*, 1 Idaho, 644; *Spreyer* v. *Desjardins*, 144 Ill. 641, 32 N. E. 283, 36 Am. St. Rep. 473; *Sharkey* v. *McDermott*, 91 Mo. 647, 14 S. W. 107, 60 Am. Rep. 270; *Stillwell* v. *Hamm*, 97 Mo. 579; 11 S. W. 252; *Van Idour* v. *Nelson*, 60 Mo. App. 523; *Hinchman* v. *Rutan*, 31 N. J. Law, 496; *Coles* v. *Bowne*, 10 Paige, 526; *Gibbs* v. *Nash*, 4 Barb. 449; *Marston* v. *Swett*, 66 N. Y. 206, 23 Am. Rep. 43; *Robbins* v. *Deverill*, 20 Wis. 142; *Brennan* v. *Ford*, 46 Cal. 7; *McDonald* v. *Mission View Homestead Assn.* 51 Cal. 210; *Randall* v. *Constans*, 33 Minn. 329, 23 N. W. 530; *Wildbahn* v. *Robidoux*, 11 Mo. 659; *Cozine* v. *Graham*, 2 Paige, 177.)

The law seems further to be thoroughly established that the statute of limitations does not run against such a trust in favor of the trustee, because the possession of the trustee is deemed in law the possession of the *cestui que* trust. (*Crosier* v. *McLaughlin*, 1 Nev. 348; *Frederick* v. *Hass*, 5 Nev. 389; *Craw* v. *Wilson*, 22 Nev. 385; *Miles* v. *Thorne*, 38 Cal. 335, 99 Am. Dec. 384; *Love* v. *Watkins*, 40 Cal. 547, 6 Am. Rep. 624; *Hearst* v. *Pujol*, 44 Cal. 230; *Broder* v. *Conklin*, 77 Cal. 330, 19 Pac. 513; *Fulton* v. *Jansen*, 99 Cal. 587, 34 Pac. 331; *Fleishman* v. *Woods*, 135 Cal. 256, 67 Pac. 276; *Speidel* v. *Henrici*, 120 U. S. 377, 7 Sup. Ct. 610, 30 L. Ed. 718.)

The law seems to be further firmly established that the statute of limitations does not begin to run until the trust has been openly disavowed by the trustee, insisting upon an adverse right and interest, which is clearly and unequivocally made known to the *cestui que* trust, for the reason that until that time there is no breach of the trust, and hence until then

no cause of action accrues. (*White* v. *Sheldon*, 4 Nev. 280; *Janes* v. *Throckmorton*, 57 Cal. 368; *Luco* v. *Detoro*, 91 Cal. 405, 18 Pac. 866, 27 Pac. 1082; *Scadden Flat G. M. Co.* v. *Scadden*, 121 Cal. 33, 53 Pac. 440; *Speidel* v. *Henrici*, 120 U. S. 377, 7 Sup. Ct. 610, 30 L. Ed. 718.) Unquestionably under the statute of limitations the statute does not begin to run until the time of the discovery of fraud or mistake by the *cestui que* trust.

In this case, under the pleadings as alleged, and which are, for the purposes of the demurrer, admitted to be true, the statute did not begin to run until March, 1908, the time alleged when the appellant discovered the alleged defect in the deed. As the complaint was filed on June 21, 1909, it necessarily follows that the statute of limitations cannot be successfully pleaded by demurrer.

Counsel for respondent seem to incline to the belief that the complaint fails to state a cause of action, by reason of the fact that there is nothing to show any identity between the subject-matter of the alleged contract, as set forth in paragraph 1 of the complaint, and the subject-matter of the purchase as disclosed in paragraph 2 of the complaint. We fail to see any merit in this contention. Paragraph 1 of the complaint alleges the agreement to purchase a certain lot in block "W" in the City of Reno, Nevada, and paragraph 2 alleges the purchase pursuant to that agreement of lot 9 in block "W," which is the alleged description of the lot in question. The complaint clearly alleges a prior mutual agreement wherein the respondent should purchase, for the joint benefit of himself and appellant, a certain lot in block "W" in the City of Reno, and the purchase of said lot 9 in block "W" pursuant to that agreement, which is a sufficient pleading to properly connect the issues of the subject-matter of the agreement and the purchase pursuant thereto as referring to one and the same transaction.

After a most careful review of the complaint and the legal objections raised by the demurrer of the respondent, we are of the opinion that the demurrer should have been overruled and the respondent given an opportunity to plead by answer.

For the foregoing reasons, the order of the lower court sus-

taining the demurrer, and the judgment dismissing the complaint, are hereby reversed, with the order that the lower court give the respondent such reasonable time to plead by answer as may be meet and proper.

It is so ordered.

TALBOT, J.: I concur.

NORCROSS, C. J., dissenting:

The demurrer to the complaint was sustained upon the ground that it appeared upon the face thereof that the action was barred by the statute of limitations. The action was brought to enforce a resulting trust, and it is contended by the appellant that the statute did not begin to run until the discovery by the plaintiff in May, 1908, that the deed delivered to him on the 16th day of January, 1903, was not what he thought it was and did not in fact convey to him the full undivided one-half interest in the entire lot. The plaintiff alleges in his complaint that he "relied upon the representations of defendant and did not make any further investigations into the facts of the purchase of said land than disclosed to him by defendant." The complaint, however, nowhere alleges that at the time the defendant delivered the deed to the plaintiff in January, 1903, he made any representations to him whatever. Where the fraud is charged, based upon false representations, such representations must be specifically charged and proved as alleged. But even if there had been a specific charge of false representation upon the part of the defendant at the time the deed was executed and delivered by him to plaintiff, I doubt if that could be given any consideration under the facts which are admitted in this complaint.

It is not disputed that, if the plaintiff had notice of the alleged fraud at the time he received his deed from the defendant, the right of action thereon was barred by the statute of limitations prior to the institution of this action. I do not think the plaintiff can be heard to say that he did not have notice of the contents of his deed at the time the same was delivered to him.

There is nothing alleged in the complaint which, in my judgment, would excuse the plaintiff from the exercise of

ordinary prudence and diligence. Such prudence and diligence required that he should examine his deed when it was delivered to him. If he had done so, it would have at once become apparent to him that the deed only conveyed a half interest in a portion of, and not in the entire, lot.

It would, I think, be a dangerous rule to establish in land transactions to permit a grantee to excuse himself for not knowing the contents of a deed, actually delivered to him, and thus prevent the running of the statute, simply upon his declaration of confidence reposed in the integrity and fair dealing of his grantor occasioned through their business relations such as alleged in the complaint. According to the complaint it was over five years before the plaintiff knew the contents of the deed which he received from defendant. If he could stop the running of the statute of limitations for five years by reason of his failure to read his deed, where is the limit of time to be placed beyond which he could not go?

But even if it could be said that the plaintiff, under the alleged facts, is not chargeable with laches for his failure to examine and note the contents of his deed, nevertheless the statute of this state charges him with such notice. Section 24 of " An act concerning conveyances" (Cutting's Comp. Laws, sec. 2663) reads: "Every conveyance of real estate, and every instrument of writing setting forth an agreement to convey any real estate, or whereby any real estate may be affected, proved, acknowledged, and certified in the manner prescribed in this act, to operate as notice to third persons, shall be recorded in the office of the recorder of the county in which such real estate is situated, but shall be valid and binding between the parties thereto without such record." The foregoing section charges the parties to a deed with knowledge of its contents, and equity as well as law takes cognizance of such notice imputed by statute.    (16 Cyc. 172; *De Mares* v. *Gilpin*, 15 Colo. 76, 24 Pac. 568; *Bangs* v. *Loveridge*, 60 Fed. 963; *Johnson* v. *Fla. Transit Co.*, 18 Fed. 821.)

Under the facts alleged in the complaint, I am of the opinion the plaintiff was chargeable with knowledge of the contents of the deed, both by the rule imposing ordinary prudence and diligence and by the statutory provision importing notice.

The complaint charges that the deed was intentionally made to convey but a part of what should have been conveyed. This was an act inconsistent with the alleged trust and was in effect a repudiation thereof. Hence the statute of limitations began to run upon the delivery of the deed. ( *White* v. *Sheldon*, 4 Nev. 280; *Crowley* v. *Crowley*, 72 N. H. 241, 56 Atl. 190; *Felkner* v. *Dooly*, 28 Utah 236, 78 Pac. 365; Tiffany & Bullard on Trusts and Trustees, p. 717; 1 Wood on Limitations, p. 132.)

The judgment and order appealed from, in my opinion, should be affirmed.