[No. 19130. Department One.— October 3, 1893.]

99 587<br>136 95

JOSEPH FULTON, RESPONDENT, v. CHRISTIAN JANSEN ET UX., APPELLANTS.

VENDOR AND PURCHASER — ORAL CONTRACT OF SALE OF LAND — PART PERFORMANCE — STATUTE OF FRAUDS — SPECIFIC PERFORMANCE. — The payment of part of the purchase price of a tract of land in pursuance of an oral contract for the purchase and sale thereof, and its use in cutting and removing stovewood therefrom for family use, without an actual change of possession of the land, or the erection of improvements upon the premises, is not such a part performance as will take the case out of the statute of frauds, and warrant a court of equity in decreeing specific performance of the contract.

ID. — RESULTING TRUST — ADVANCE OF PART PURCHASE-MONEY — CONVEYANCE TO THIRD PERSONS — PLEADING. — Where a purchaser of a part of a tract of land under an oral agreement has paid part of the purchase price therefor to the vendor, and subsequently other persons purchase and take a conveyance of the whole tract from the vendor, and agree with him to convey to the first purchaser the portion of the land which he had agreed to purchase, and the sum paid by him as part payment thereon is deducted from the price paid by the subsequent purchasers to the vendor, the first purchaser virtually occupies the position of one who has advanced money to the subsequent purchasers for the purchase of the land, and a resulting trust *pro tanto* is created in his favor against them, though he cannot enforce the contract against them in an action for specific performance, but must plead the facts showing the resulting trust.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial.

The facts are stated in the opinion.

*E. C. Bower,* and *Reymert & Orfila,* for Appellants.

The contract between Brown and Fulton being for the sale of land, and not being in writing, and there being no part performance which took it out of the statute of frauds, was not enforceable by Fulton against Brown. (Civ. Code, sec. 1624; Code Civ. Proc., secs. 1971–1974.) The contract not being enforceable by Fulton against Brown, could not be enforced against appellants, though they had knowledge of it before they bought. (Civ. Code, sec. 1624; Code Civ. Proc., secs. 1971–1974.) A resulting trust could not be adjudged on the complaint nor arise in favor of Fulton, as the action was for specific performance, and not for the enforcement of a trust, and the amount paid by Fulton, which went into the purchase price of the land was not for any definite portion or quantity of the land. (Brown's Statute of Frauds, 4th ed., secs. 85, 86.) A constructive trust cannot be based upon a verbal agreement which is free from actual intentional fraud. (Pomeroy's Equity Jurisprudence, secs. 1054, 1056; Smith's Lead. Cas., 4th Am. ed., 350; 3 Wall. Jr. 279.) On principles of equity, in no view of the case would Fulton be entitled to a deed to the property until he had fully paid all the consideration due to appellants for the same. (Pomeroy's Equity Jurisprudence, secs. 1239, 1241.)

*A. R. Metcalfe,* and *Metcalfe & McLachlan,* for Respondent.

The payment by the plaintiff of a portion of the consideration and his entry upon the land to cut wood therefrom takes the case out of the statute of frauds and entitles plaintiff to a conveyance. (*Arguello* v. *Edinger,* 10 Cal. 150.) The evidence shows such a state of facts as makes the defendants involuntary trustees of the land for the plaintiff. (Civ. Code, sec. 2224; Pomeroy's Equity Jurisprudence, secs. 1044, 1055.)

SEARLS, C. — This action was brought by the respondent to enforce the specific performance of a contract to convey certain real property situate in the county of Los Angeles. Plaintiff had judgment, from which and from an order refusing a new trial defendants appeal.

The findings of the court show, in substance, that on the

thirteenth day of October, 1889, one Jason Brown was the owner of the land in dispute, and certain other land of which it was an undivided part; that said Brown, in the presence of defendants and upon the land, pointed out to plaintiff certain boundaries defining the northerly portion of the tract, which he offered to sell to plaintiff and plaintiff agreed to buy for four hundred and fifty dollars — two hundred dollars in cash and the remaining sum of two hundred and fifty dollars in one year, without interest, a deed to be executed and delivered when the final payment was made. Fulton, the plaintiff, paid the two hundred dollars to Brown on the following day, and received a receipt therefor from Brown. One hundred dollars of the amount so paid was borrowed from Christian Jansen, for which plaintiff gave a promissory note payable within eighteen months with interest.

Plaintiff lived in a house near said land, upon which he entered and thereafter cut wood upon it and removed it to his house where he used it for fuel. Defendants and plaintiff were at the time intimate friends, and they were present consulting and advising in relation to the purchase.

On the 5th of November following, Brown conveyed the whole tract of land, including that sold to plaintiff herein, to the defendants, they agreeing on their part that they would carry out with plaintiff Brown's contract to convey to him.

Plaintiff tended the residue of the purchase-money to defendants and demanded from them a conveyance, which was refused.

The agreement of Brown to convey to plaintiff and that of defendants to carry out the same contract were verbal, and no memorandum or agreement in writing was made or had.

The important questions in the case are these: 1. The contract between Brown and Fulton being for the sale of land, and not being in writing, was there such a part performance as to take the case out of the statute of frauds? 2. If not, does the case as made develop such a state of facts as to raise a *resulting or a constructive trust* in favor of plaintiff which will support the decree?

The only evidence under this head tends to prove that the plaintiff paid part of the purchase price and used the land in

question so far as to cut and remove from it stovewood (but how much or at how frequent intervals, or for how long a period does not appear) for family use. This falls far short of making a case for specific performance. (*Forrester* v. *Flores,* 64 Cal. 25.)

No improvements were made upon the property by plaintiff. The evidence did not show and the court did not find that plaintiff entered into possession of the property.

In *Forrester* v. *Flores,* 64 Cal. 25, it was said: "It is only where the payment is accompanied by a change of possession in the land, or the expenditure of money upon it on the faith of the oral agreement, and where the failure to perform by the vendor would work a gross fraud upon the vendee, that a court of equity will decree specific performance by compelling the execution of a deed. (Story on Equity Jurisprudence, sec. 761.) For money paid under an invalid contract, the party who pays has an adequate remedy at law."

It is concluded that there can be no specific performance of the oral contract to convey decreed upon the ground of such part performance as is shown in this case.

Resulting trusts and constructive trusts are such as arise by operation of law, and are by our Civil Code (sec. 2217) denominated *involuntary trusts.*

Resulting trusts are such as arise where the legal estate in property is transferred or conveyed, but the intent appears, or is inferred from the terms of the disposition or from the accompanying facts and circumstances, that the beneficial interest is not to pass to or be enjoyed with the legal title.

Familiar examples of this character of trusts are cases where property is conveyed by will or deed upon trusts but no trusts are in fact declared, or where the trust although in fact declared has failed, or where attempted to be declared the declaration of trust is so imperfect that it cannot be carried into effect.

Another example of a resulting trust occurs where a conveyance of property is made to A, the price or consideration being paid by B, whereupon according to well-settled principles in equity A takes the title in trust for B. (Pomeroy's Equity Jurisprudence, sec. 1037; *Hidden* v. *Jordan,* 21 Cal. 93; *Bayles* v. *Baxter,* 22 Cal. 575.) Cases of this character are not within

the statute of frauds, and may be proved and disproved by parol.

In order to raise such resulting trust, by payment of the purchase-money, it is essential that the payment be actually made by the beneficiary, or that an absolute obligation to pay should be incurred by him, "as a part of the original transaction of purchase, at or before the time of the conveyance; no subsequent and entirely independent contract, intervention, or payment on his part would raise any resulting trust." (Pomeroy's Equity Jurisprudence, sec. 1037.)

Where a part only of the purchase-money is advanced by B, under like circumstances, a resulting trust *pro tanto* arises, and an allegation of such trust in a whole tract or parcel of land does not preclude proof of a trust in a part thereof. (*Osborne* v. *Endicott*, 6 Cal. 149; 65 Am. Dec. 498.) This whole theory assumes that the conveyance to A is made with the knowledge and consent, express or implied, of B, who pays the price, that the whole transaction is in pursuance of a common understanding or arrangement.

"If the conveyance is taken by A secretly, contrary to B's wishes, in violation of a duty owed to him, or in fraud of his rights, the trust which arises in B's favor is not resulting, but is a *constructive trust*." (Note to sec. 1037, Pomeroy's Equity Jurisprudence, and cases there cited.) And it matters not whether the conveyance be taken to one or several, whether jointly or severally, the trust results to the man who advances the purchase-money.

Constructive trusts arise in that class of cases where there is no intention of the parties to create a trust, and usually contrary to the intention of the party holding the legal title, and where there is no express or implied, written or verbal, declaration of a trust. "They arise when the legal title to property is obtained by a person in violation, express or implied, of some duty owed to the one who is equitably entitled, and when the property thus obtained is held in hostility to his beneficial rights of ownership." (Pomeroy's Equity Jurisprudence, sec. 1044.)

In most cases of constructive trust, pure and simple, an element of fraud, actual or constructive, is the basis upon which the trust is founded.

Equity sometimes proceeds upon the maxim that an intention to fulfill an obligation should be imputed, and assumes that the purchaser intended to act in pursuance of his fiduciary duty, as in the case of a trustee who uses trust funds to pay for property purchased in his own name, though no doubt in many such cases the intention is to violate duty.

From the foregoing brief definitions of resulting and constructive trusts, it becomes apparent that the facts of the present case, as found by the court, and the evidence combined, causes it to fall within the principle of a resulting trust.

The plaintiff in effect paid two hundred dollars of the purchase price. Although at the date of payment it was intended as a payment *pro tanto* for the land for which he had contracted, yet when the defendants subsequently purchased the whole tract and agreed to convey to plaintiff that portion which he had agreed to purchase, this sum was deducted from the price paid, thus virtually placing plaintiff in the position of one who advanced a portion of the purchase-money.

We have said the facts as found by the court and the *evidence combined* show this condition of things. Unfortunately, however, for this theory, there is nothing either in the complaint or in the findings to support it.

According to the complaint, plaintiff made a purchase of a tract of land, paid part of the purchase-money, and was to pay the residue within one year. His vendor then sold the land to defendants, who had full notice, and refused to consummate the transaction and convey the property, wherefore he seeks the specific performance of the contract.

The findings show that the contract was verbal, and fail to show such part performance as to authorize a decree for specific performance.

There is nothing averred in the complaint or found by the court which places the defendants in a different position from that which the original vendor would have occupied had he not conveyed.

The evidence tends to show not that defendants are liable as purchasers with notice, but that by virtue of having advanced a portion of the purchase price, plaintiff acquired as against them a right not inherent to him as a purchaser, but which

equity gives to him by virtue of his relation to the defendants, and devolves upon the latter a duty not arising in their character of purchasers, but growing out of the fact that in making such purchase they availed themselves of the money paid by plaintiff out of which a new relation sprang, viz.: that of trustee and beneficiary, or a resulting trust in favor of plaintiff.

This new relation being foreign to anything contained in the pleading or findings, we are not authorized to invoke it, even in aid of the judgment.

The order and judgment appealed from should be reversed, with leave to the plaintiff to amend his complaint, if he shall be so advised.

TEMPLE, C., and BELCHER, C., concurred.

For the reasons given in the foregoing opinion, the judgment and order appealed from are reversed, with leave to the plaintiff to amend his complaint, if he shall be so advised.

GAROUTTE, J., McFARLAND, J.

HARRISON, J., concurring. —I concur in the judgment.