## HAYFORD v. WALLACE.

### Sac. No. 84; October 6, 1896.

#### 46 Pac. 293.

**Fraudulent Conveyances.—Land Conveyed to a Father in Trust** for his minor son, who pays the consideration with money earned by himself, or given to him by the father, who is then solvent, is not subject to the lien of subsequent judgment against the father, so as to render his voluntary conveyance of the land, after becoming insolvent, fraudulent as to his creditors.

**Trust—Suit to Quiet Title.—Land Which had Been Conveyed** in trust for the sole use of the minor son of one of the trustees was, after the minor reached his majority, conveyed by the joint deed of the father and son to the mother, in consideration of love and affection, the second trustee not joining in the conveyance. Held, that, as the purpose of the trust had ceased on the son's becoming of age, his equitable title passed to the grantee, so far as to enable her to maintain suit to quiet title against all persons except the holders of the legal title.

**Quieting Title—Evidence.—In an Action to Quiet Title,** where defendant set up that the deed of plaintiff was made to defraud the grantor's creditors, among whom was defendant, an offer by defendant to prove. by the grantor, on cross-examination, that while the latter was insolvent he sold certain other land to another person for a nominal consideration, with a view of defrauding his creditors, was properly refused as not legitimate cross-examination.

**Evidence.—Error in Rejecting Evidence is Cured by its subse-**quent admission.

APPEAL from Superior Court, Placer County; Matt. F. Johnson, Judge.

Action by Abbie A. Hayford against Emeline Wallace to quiet title. Defendant answered, setting up that the conveyances to plaintiff were fraudulent, and filed a cross-complaint to quiet title to the same lands. A decree was rendered quieting plaintiff's title to one part of the land, and quieting defendant's title to another portion, and both parties appealed from orders denying their motions for new trials. On defendant's appeal. Affirmed.

Wallace & Wallace and Henley & Costello for appellant; John M. Fulweiler and Ben. P. Tabor for respondent.

SEARLS, C.—This is an action by Abbie A. Hayford to quiet her title to certain parcels of land situate in Placer county. Defendant, by her answer, denied the title of plaintiff, and in apt terms averred that the land was the property of W. B. Hayford, the husband of plaintiff, who in December, 1886, was insolvent, and in contemplation of insolvency, and for the purpose of defrauding his creditors, without consideration other than love and affection, on the seventh day of December, 1886, executed a deed of conveyance of certain of the lands to his wife, the plaintiff, and that afterward, and on the eighth day of November, 1889, under like circumstances, with a like intent and upon a like consideration, he, the said W. B. Hayford, executed another deed of conveyance to the plaintiff of the remainder of the land and premises in the complaint described. Plaintiff is averred to have had full notice of the facts. Defendant was, as is alleged, at the date of said deeds a creditor of said W. B. Hayford to the extent of more than $2,500. Other facts tending to show the conveyances fraudulent are alleged, but need not be noticed here. Defendant also interposed a cross-complaint, in which she showed that subsequent to such conveyances she procured judgment against W. B. Hayford upon a portion of the indebtedness due her from him, and issued execution, under which a levy was made upon such lands, a sale had, and the lands purchased by her, and that in due time she received a sheriff's deed for all of said lands, and thereby became the owner thereof, and prays that her title thereto may be quieted. Plaintiff answered the cross-complaint, and denied all fraud, etc. The cause was tried by the court, written findings filed, and a decree was entered thereon quieting the title of plaintiff to the parcel of land described in the deed of November 8, 1889, and quieting the title of defendant to the parcels of land described in the conveyance of December 7, 1886. Each of the parties moved the court for a new trial as to so much of the issues as were adverse to her, and, their several motions having been denied, each of the parties has appealed from the orders. This case (No. 84) is on defendant's appeal.

So far as this appeal is concerned, we may dismiss consideration of the deed of 1886, as the findings relating thereto are in favor of appellant, and she is not assailing them. Turning to the deed of November 8, 1889, we find the findings and conclusions of law are assailed by appellant upon various

grounds, the more important of which are: (1) The deed of November 8, 1889, is either void or voidable for the reasons: (a) That the testimony showed that W. B. Hayford was insolvent at the date thereof; and while the court found that he was insolvent in December, 1886, it failed to find upon the issue of such insolvency in 1889, when the deed of the last-mentioned date was executed. (b) That the testimony and findings show that W. B. Hayford and E. W. Moore held the property in trust for W. M. Hayford, the son of W. B. Hayford, and that, as said Moore did not join in the deed to plaintiff, it is void under sections 860 and 870 of our Civil Code. (c) The consideration of the deed is love and affection.

If the father, W. B. Hayford, held as a trustee, the deed is void for want of proper execution by the proper parties. On the other hand, if the father had a beneficial interest in the property, it is void because the father was in debt, and could not make a voluntary conveyance.

The following statement of facts, as found by the court, or illustrated by the evidence, is essential to a correct understanding of the points made by appellant: On the seventeenth day of May, 1882, one J. R. Johns, being the owner thereof, by grant, bargain and sale deed, conveyed to one E. W. Moore and to W. B. Hayford, in trust for W. M. Hayford (his son, then of the age, say, seventeen years), the tract of land in question, consisting of eighty acres of land. The consideration of the deed was $400, of which sum the infant son paid one-half, viz., $200 of his own money, which the evidence shows he earned by selling fruit, etc., at the railroad depot, Colfax, and which he had deposited in bank at Sacramento. E. W. Moore paid his half of the purchase money. W. M. Hayford, the infant, entered into possession of the land so purchased, and paid his share of the expense of improving and cultivating the same, amounting to a large sum of money. It is quite apparent, we think, from the testimony, that the parties did not understand that any trust relation existed, except as to the undivided half of W. M. Hayford, the minor. The conveyance, however, is worded in part as follows: "This indenture, made the seventeenth day of May, 1882, between J. R. Johns, of Amador county, state of California, party of the first part, and Elisha W. Moore, of Beaver county, state of Pennsylvania, and W. B. Hayford, in trust for W. M. Hayford, a minor, parties of the second part, for and in con-

sideration of the sum of $400, . . . . doth grant, bargain, sell
and convey unto the parties of the second part and their heirs
and assigns forever,'' etc.   There is in the deed no other in-
dication of a trust, save in the foregoing quotation.   On the
eighth day of November, 1889, the minor, W. M. Hayford, who
was at the last-mentioned date twenty-four years of age,
united with his father, W. B. Hayford, the latter of whom is
described as "trustee," in a conveyance of the undivided one-
half of the said eighty acres of land to the plaintiff herein.
Love and affection are mentioned as the consideration of the
conveyance, which is in the usual form of a grant, bargain
and sale deed.   There is not in the pleadings any allegation,
nor was there any evidence tending to show, that W. B. Hay-
ford was insolvent prior to 1886.   The appellant here was
not a creditor of Hayford until 1885.   When, on the seven-
teenth day of May, 1882, Johns conveyed the property in ques-
tion to Moore and W. B. Hayford in trust for W. M. Hayford,
a minor, the effect of that conveyance was (conceding that the
whole estate, and not one-half thereof, was intended to be held
by the grantees for the benefit of the minor, as claimed by
appellant) to vest the title in Moore and W. B. Hayford, for
the sole benefit of the minor.   Appellant contends that as the
minor lived at the time with his parents, and as there was no
evidence that W. B. Hayford had relinquished his right to
the earnings of his son, the $200 paid by the latter is to be
regarded as the money of the father.   We think, when the
father permitted his son to engage in the business of selling
fruit, receiving and banking the proceeds in his own name,
and, without objection, permitted him to pay it out as the
consideration for land purchased for his benefit, it was suffi-
cient evidence that the father had assented to the ownership
of the money by the son, as found by the court.   The question
is of no practical importance, however, in the determination
of the case, for the reason that W. B. Hayford, being, so far
as appears, entirely solvent at that date (1882), might with
the utmost propriety give to his minor son the modest sum
of $200 to enable the latter to purchase land with which to
engage in the fruit and vineyard business.   In either aspect
of the case, then, the minor son had, as against his father, the
entire beneficial interest in the land, with only the naked
title in the father, or in the father and Moore.   W. B. Hay-
ford never had any interest in the land to which the lien

of appellant's later judgment could attach, or which in 1886, when he became insolvent, or at any time thereafter, he could convey in fraud of his creditors, or of anyone except his cestui que trust. A bankrupt may continue to discharge his duty as a trustee, and trust property in his possession does not go to his assignee or to his creditors: Perry, Trusts and Trustees, secs. 345–358. Under these circumstances, the insolvency of said Hayford in 1889, when he united with his son in a conveyance to the respondent here, becomes a false quantity in the problem, and it was not necessary to find thereon.

The deed of November 8, 1889, is a joint one by W. B. Hayford, trustee, and W. M. Hayford, as parties of the first part, and, in consideration of love and affection, conveys the undivided one-half of the eighty acres of land theretofore, and since 1882, held in trust for W. M. Hayford, to Abbie A. Hayford, her heirs and assigns. W. M. Hayford, as before stated, had reached his majority. The entire object of the trust, viz., to hold the legal title during the minority of said W. M. Hayford, had been accomplished. "When the purpose for which an express trust was created ceases, the estate of the trustee also ceases": Civ. Code, sec. 871. It is true, the naked legal title was vested in W. B. Hayford, or in him and Moore. It is equally true that, as a rule, two or more trustees must join in a conveyance of the legal title. But W. M. Hayford, having at the date of his conveyance a perfect equitable title, could convey the same; and, having done so, his grantee, the respondent here, became and is vested with such equitable title, and by virtue thereof is in a position to command a conveyance of the legal title, if desired. As such holder of the equitable title, respondent is in a position to maintain an action to quiet her title against the defendant and all persons except the holders of the legal title: Orr v. Stewart, 67 Cal. 275, 7 Pac. 693; Smith v. Brannan, 13 Cal. 107; Wilson v. Madison, 55 Cal. 5.

The alleged error of the court in refusing to permit defendant to prove by W. B. Hayford, on cross-examination, that while he was insolvent, to wit, on December 3, 1886, with a view of defrauding, hindering and delaying his creditors, etc., he sold to Jacob N. Neff nine hundred and seventy-two acres of land for the nominal consideration of $500, cannot be maintained for the reasons: (1) It was not legitimate

cross-examination. (2) For the reason that as he did not own any interest in the tract of land here in dispute at that time, and had not for years prior to the time he is averred to have become insolvent, it was wholly irrelevant and immaterial. (3) And for the further reason that the court at a later period in the trial permitted this very proof. We recommend that the order appealed from be affirmed.

We concur: Vanclief, C.; Belcher, C.

PER CURIAM.—For the reasons given in the foregoing opinion the order appealed from is affirmed.