IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs December 4, 2003

**IN RE K.N.R., ET AL.**

**Appeal from the Juvenile Court for Robertson County**
**No. D20072     Max D. Fagan, Judge**

_____

**No. M2003-01301-COA-R3-PT - Filed December 23, 2003**

_____

WILLIAM B. CAIN, J., concurring.

        For reasons articulated in *Estate of Acuff v. O'Linger*, 56 S.W.3d 527 (Tenn.Ct.App.2001), *perm.app.denied* (Oct. 1, 2001), and in *In re Z.J.S. and M.J.P.*, No. M2002-02235-COA-R3-JV, 2003 WL 21266854 (Tenn.Ct.App. June 3,2003)(no Rule 11 application filed)(Cain, J., concurring) and in *State v. R.S. and K.S.*, No. M2002-00919-COA-R3-CV, 2003 WL 22098035 (Tenn.Ct.App. Sept. 11, 2003) (Cain, J., concurring), I cannot agree that the standard of appellate review is correctly stated. I adhere to my view that the standard of review stated in *Ray v. Ray*, 83 S.W.3d 726 (Tenn.Ct.App.2001) *perm.app.denied* (July 15, 2002), and the standard of review stated in *Acuff*, 56 S.W.3d 527, are incompatible one with the other. I believe *Acuff* provides the correct standard of review and that the *Ray* standard is incorrect. Ray held:

        Because this heightened burden of proof differs from the customary burden
        of proof in civil cases, we must adjust the usual standard of review of factual findings
        found in Tenn. R. App. P. 13(d). In cases such as the one before us, we will review
        the trial courts specific findings of fact in accordance with Tenn. R. App. P. 13(d).
        Accordingly, the trial court's findings of fact will be presumed to be correct unless
        the evidence preponderates otherwise. Then we will determine whether the facts, as
        found by the trial court, clearly and convincingly establish that a child will be
        exposed to a risk of substantial harm if he or she is placed in a biological parent's
        custody. *In re L.S.W.*, 2001 WL 1013079, at *5; *In re T.L.P.*, No. W1999-01940-
        COA-R3-CV, 2001 WL 987152, at *2 (Tenn.Ct.App. Aug. 22, 2001) *perm. app.
        denied* (Tenn. Jan. 14, 2002).

*Ray*, 83 S.W.3d at 733. Such a standard contravenes the standard stated in *Acuff*, along with contravening the standard stated by the United States Supreme Court in *Colorado v. New Mexico*, 467 U.S. 310, 104 S.Ct. 2433, 81 L.Ed.2d 247 (1984) and the standard correctly stated by the Supreme Court of Maine in *Taylor v. Comm'r of Mental Health*, 481 A.2d 139, 153-54 (Me.1984).

In *Acuff* we held, as the Supreme Court of Oregon had held in *Riley Hill Gen. Contractor, Inc. v. Tandy Corp.*, 737 P.2d 595, 604 (Or.1987), that a "clear, cogent and convincing evidence" standard cannot co-exist with a "preponderance of the evidence" standard on the issue of the burden of persuasion. *See Acuff*, 56 S.W.3d at 535. In *Acuff* we adopted the United States Supreme Court standard, which provided: "In contrast to the ordinary civil case, which typically is judged by a 'preponderance of the evidence' standard, we thought a diversion of interstate water should be allowed only if Colorado could place, in the ultimate fact finder, an abiding conviction that the proof of its factual allegations are 'highly probable.' " *Colorado v. New Mexico*, 467 U.S. at 315, 104 S.Ct. at 2437-38, and 81 L.Ed.2d 247.

Tennessee has long recognized that the "clear, cogent and convincing evidence" standard, while it defies precise description, is in fact an intermediate standard more exacting than the preponderance of evidence standard, while at the same time not requiring the kind of certainty inherent from the criminal standard of proof beyond a reasonable doubt. *See O'Daniel v. Messier*, 905 S.W.2d 182, 188 (Tenn.Ct.App.1995).

The difficulty with applying the *Ray* standard instead of the *Acuff* standard is persuasively articulated by Justice Traynor in his dissent in *Beeler v. American Trust Co.*, 147 P.2d 583 (Cal.1944).

> This is not an ordinary civil case, however, for, as the majority opinion concedes, it was incumbent upon plaintiff to support his contention by evidence, "clear, satisfactory and convincing; explicit, unequivocal and indisputable." *Wehle v. Price*, 202 Cal. 394, 397, 260 P. 878, 879; *Goodfellow v. Goodfellow*, 219 Cal. 548, 554, 27 P.2d 898. While it rests primarily with the trial court to determine whether the evidence is clear and convincing, its finding is not necessarily conclusive, for in cases governed by the rule requiring such evidence "the sufficiency of the evidence to support the finding should be considered by the appellate court in the light of that rule." *Sheenan v. Sullivan*, 126 Cal. 189, 193, 58 P. 543, 544; *see, also Moultrie v. Wright*, 154 Cal. 520, 98 P. 257. In such cases it is the duty of the appellate court in reviewing the evidence to determine, not whether the trier of facts could reasonably conclude that it is more probable that the fact to be proved exists than that it does not, as in the ordinary civil case where only a preponderance of the evidence is required, but whether the trier of facts could reasonably conclude that it is highly probable that the fact exists. When it holds that the trial court's finding must be governed by the same test with relation to substantial evidence as ordinarily applies in other civil cases, the rule that the evidence must be clear and convincing becomes meaningless. There is a contradiction in thus destroying the vitality of the rule while affirming its soundness.

*Beeler*, 147 P.2d at 600.  (Traynor, J., dissenting).

Since, in the case at bar, regardless of our dispute over the correct standard of review, the court correctly vacates the trial court order for failure to comply with the findings of fact requirements of Tennessee Code Annotated section 36-1-113(k).  I concur in the judgment.

_____
WILLIAM B. CAIN, JUDGE